UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN VIRGINIA
CHARLOTTESVILLE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
10/31/2017
JULIA C. DUDLEY, CLERK
BY: /s/ J. Jones
DEPUTY CLERK

| | |
|---|---|
| SERGIO HARRIS | COMPLAINT |
| Plaintiff, | AND JURY DEMAND |
| vs. | |
| ANDREW HOLMES and MIKUS | Case No. 3:17-cv-00079 |
| Defendants. | |

Sergio Harris by counsel, for his Complaint against Defendants, alleges as follows:

## PARTIES

1. Plaintiff Sergio Harris is African-American, a citizen and a resident of Fluvanna County.

2. Defendant Andrew Holmes is a police officer employed by the Albemarle County Police Department. At all times relevant to this complaint, he was acting under color of state law.

3. Defendant Casey Mikus is a police officer employed by the Albemarle County Police Department. At all times relevant to this complaint, he was acting under color of state law.

## FACTS

4. On or about December 1, 2015, in the late morning, Mr. Harris was stopped in his vehicle by Defendant Holmes, who asserted that he stopped Plaintiff because of a license plate light out.

5. Plaintiff showed Defendant Holmes that the light was fully operative and, after

       approximately 10 minutes, Holmes allowed Plaintiff to continue on his way.

6. Late that same afternoon, Plaintiff was stopped again by Defendant Holmes, who claimed that Plaintiff's brake light was out. Plaintiff demonstrated to Holmes that his light was fully operative and after approximately 10 minutes, Holmes allowed Plaintiff to continue on his way.

7. Later that same evening, at approximately 11 p.m., Plaintiff was stopped again by Defendant Holmes who, this time, claimed that Plaintiff had failed to obey a stop sign. Plaintiff protested and asserted and asserts that he had not done so. Defendant Holmes said that the infraction was caught on his dash cam. Holmes gave Plaintiff a summons for failure to obey a stop sign.

8. That summons was dismissed by the Albemarle General District Court on January 5, 2016.

9. On or about November 20, 2015, Plaintiff was driving south on Route 29 in Albemarle County, when he was stopped by Defendant Casey Mikus, and both proceeded to the parking lot of a gas station/convenience store.

10. Defendant Mikus advised Plaintiff that he had clocked him speeding even though he was not speeding.

11. Defendant Holmes appeared on the scene and both officers told Plaintiff that they were confiscating his car and keeping his keys. They gave Plaintiff a phone number to call to regarding his car.

12. Plaintiff left the scene but his mother came to the parking lot to monitor the activity of the two defendants.

13. The two defendants, possibly with others, searched and dismantled portions of Plaintiff's car for a period of approximately three hours in the parking lot. Nothing was found in the search.

14. When finished, the two defendants gave the keys to Plaintiff's car to his mother.

15. Due to the partial dismantling of the car, Plaintiff was required to have it towed to his home.

16. Plaintiff was also given a ticket for speeding. On December 11, 2015 the commonwealth attorney moved to nolle prosequi the charges, which motion was granted.

17. Defendant Holmes has a history and practice of targeting African-American males for vehicle stops and intrusive searches. Numerous civilian complaints have been lodged against him with the Albemarle County Police Department. The stop and the search at issue here were motivated, in significant part, by the race of Plaintiff.

18. Defendants' conduct, as described herein, was willful, deliberate, malicious and with reckless disregard for the Plaintiff's constitutional rights.

**FIRST CAUSE OF ACTION**
(Fourth Amendment - Unlawful Seizure)
(Holmes)

19. By stopping Mr. Harris' vehicle three times on October 31, 2015 without reasonable grounds to suspect that he was operating it in violation of law or any grounds to believe that plaintiff was engaged in any activity in violation of law Defendant Holmes violated the Fourth Amendment to the United States Constitution.

20. As a direct and proximate result of the actions of Defendant Holmes, taken under color of law, Mr. Harris was deprived of rights protected by the Fourth and Fourteenth

Amendments to the United States Constitution and suffered emotional distress.

## SECOND CAUSE OF ACTION
(Fourth Amendment - Unlawful Seizure)
(Mikus)

21. By stopping Mr. Harris' vehicle on November 20, 2015, without reasonable grounds to suspect that he was operating it in violation of law or any grounds to believe that plaintiff was engaged in any activity in violation of law, Defendant Mikus violated the Fourth Amendment to the United States Constitution.

22. As a direct and proximate result of the actions of Defendant Mikus, taken under color of law, Mr. Harris was deprived of rights protected by the Fourth and Fourteenth Amendments to the United States Constitution and suffered emotional distress.

## THIRD CAUSE OF ACTION
(Fourth Amendment - Unlawful Seizure and Search)

23. By seizing Mr. Harris' vehicle and subjecting it to a thorough search without probable cause to believe that the car contained contraband or other evidence of a crime, Defendants Holmes and Mikus violated the Fourth Amendment to the United States Constitution.

24. As a direct and proximate result of the actions of Defendants Holmes and Mikus, taken under color of law, Mr. Harris was deprived of rights protected by the Fourth and Fourteenth Amendments to the United States Constitution and suffered emotional distress and economic damages.

## FOURTH CAUSE OF ACTION
(Fourteenth Amendment - Denial of Equal Protection)

25. The conduct of Defendant Holmes, as described herein, was motivated, in significant

part, by the race of Plaintiff Sergio Harris which violated Plaintiffs' right to equal protection of the law as guaranteed by the Fourteenth Amendment to the United States Constitution.

26. As a direct and proximate result of the actions of Defendant Holmes, Mr. Harris suffered damages, including emotional distress and economic loss.

**WHEREFORE**, Plaintiff seeks judgment against Defendants for compensatory damages in an amount to be determined by a jury or the Court and punitive damages against Defendant Holmes in an amount to be determined by a jury or the Court and such other and further relief as the Court may deem appropriate. Plaintiffs also seek reasonable attorneys fees and costs against Defendants pursuant to 42 U.S.C. § 1988.

Respectfully submitted,<br>
SERGIO HARRIS<br>
By Counsel

s/Jeffrey E. Fogel
Jeffrey E. Fogel, VSB #76345
Attorney at Law
913 E. Jefferson Street
Charlottesville, VA 22902
434-984-0300 (Tel)
E-mail: jeff.fogel@gmail.com

Counsel for Sergio Harris

## JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable.

s/Jeffrey E. Fogel<br>
Jeffrey E. Fogel

6