CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA.
FILED

NOV 07 2019

JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BIANCA JOHNSON, *ET AL.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>ANDREW HOLMES, *ET AL.*,<br><br>*Defendants.* | CASE NO. 3:16–cv–00016<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |
| LEON POLK, *ET AL.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>ANDREW HOLMES, *ET AL.*,<br><br>*Defendants.* | CASE NO. 3:16–cv–00017<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |
| RODNEY HUBBARD, *ET AL.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>ANDREW HOLMES, *ET AL.*,<br><br>*Defendants.* | CASE NO. 3:16–cv–00018<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |
| CORY GRADY,<br><br>*Plaintiff,*<br><br>v.<br><br>ANDREW HOLMES, *ET AL.*,<br><br>*Defendants.* | CASE NO. 3:17–cv–00062<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |
| SERGIO HARRIS,<br><br>*Plaintiff,*<br><br>v.<br><br>ANDREW HOLMES, *ET AL.*,<br><br>*Defendants.* | CASE NO. 3:17–cv–00079<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |

These consolidated matters are before the Court following the Fourth Circuit's decision remanding to this Court for further proceedings. Dkt. 105. Specifically, the Fourth Circuit mandates further fact finding on whether Plaintiffs' data pertaining to summonses issued by Albemarle County Police Department ("ACPD") officers patrolling the same sectors as Defendant Andrew Holmes, Dkt. 49, Ex. 9, accounts from summonses issued during both traffic stops and "calls for service,"[1] or only traffic stops. Dkt. 105 at 27. More generally, the Fourth Circuit remanded to this Court to determine whether the data and other evidence on the record show—for the purposes of proving discriminatory effect under the Equal Protection Clause—whether Plaintiffs are similarly situated as a matter of law to the white drivers reflected in Plaintiffs' statistics, or whether there are "distinguishable legitimate enforcement factors" in the statistics and record evidence that explain the disparity between Plaintiffs and the white drivers. Dkt. 105 at 30.

Thus, to resolve these and other outstanding issues, the Court hereby orders the following:

1. Plaintiffs are **ORDERED** to submit to the Court **within 21 days of this Order** the Freedom of Information Act request or requests sent to ACPD seeking this data, as well as any related correspondence with ACPD.[2] Plaintiffs may also submit briefing along with its submissions addressing "whether there are distinguishable legitimate enforcement factors apparent from the face of the statistics themselves or other record evidence that justify making different enforcement decisions between [Plaintiffs] and

---

[1] "A call for service is when an officer is dispatched to a certain location in response to an emergency or nonemergency police call." Dkt. 105, n. 11.

[2] This is highly relevant to the issue because of the Fourth Circuit's statement that "[i]f [Plaintiffs] show that they asked for traffic stops and traffic summonses, they may rely on the information the county provides about its own officers in response to that request …. The district court may safely presume [the department-wide data] reflects traffic summonses." Dkt. 105 at 31.

the white drivers reflected in the statistics." Dkt. 105 at 25. In accordance with the Court's prior Scheduling Order, Dkt. 11, Defendants shall then have **14 days** to respond to Plaintiff's submissions and briefing, and Plaintiffs shall then have **7 days** to reply to Defendants' response.

2. The parties are **ORDERED** to respond **within 21 days of this Order** as to (1) whether the five above-captioned cases consolidated for appeal should remain consolidated during this additional fact finding; and (2) whether the stay ordered in *Polk v. Holmes*, 3:16-cv-00017; *Grady v. Holmes*, 3:17-cv-00062; and *Harris v. Holmes*, 3:17-cv-00079 should remain in effect while resolving these issues on remand.

3. The parties are **ORDERED** to correspond with the scheduling clerk **within 7 days of this Order** to set a hearing in Lynchburg on these matters.

It is so **ORDERED**.

The Clerk of Court is requested to send a copy of this Order to the parties.

Entered this ____ day of November, 2019.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE